BAKER, CARVER & MORRELL, DEMANDANTE Y APELADA, *v.* HEALY & SIEBERT, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre cobro de dinero (moción de traslado).

No. 2809.—Resuelto en febrero 23, 1923.

TRASLADO DEL PLEITO—LUGAR PARA LA CELEBRACIÓN DEL JUICIO—AFFIDAVIT DE MÉRITOS—SUFICIENCIA DEL AFFIDAVIT.—Una moción de traslado en la cual la parte que solicita la celebración del juicio en el distrito correspondiente expresa en lo pertinente que ha expuesto veraz, completa y detalladamente a sus abogados todos los hechos del caso y que sus abogados le han aconsejado y ella cree de buena fe que tiene una buena causa de defensa, cumple con los requisitos exigidos por el artículo 82 del Código de Enjuiciamiento Civil y no debe concluirse que es insuficiente porque omita expresar que el consejo de los abogados fué el resultado de la exposición de todos los hechos, y que la causa de defensa de la parte demandada en contra de la demandante era una defensa "sobre los méritos." Los estatutos reparadores deben ser liberalmente interpretados en favor del remedio y las reglas de procedimiento son reparadoras por su naturaleza.

Los hechos están expresados en la opinión.

Abogados de la apelante: Sres. *J. Sabater* y *B. J. Horton.*

Abogados de la apelada: Sres. *L. Janer* y *O. M. Wood.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La corte inferior, sin expresar ninguna razón para sostener su actuación, declaró sin lugar una moción de traslado.

La única cuestión que requiere seria consideración es la que se refiere a la forma y suficiencia de un párrafo contenido en el *affidavit* de méritos, el cual es como sigue:

"Que he expuesto veraz, completa y detalladamente a mis abogados Ldos. Benjamín J. Horton y José Sabater, quienes tienen sus oficinas abiertas en esta ciudad, calle de la Libertad, esquina a Once de Agosto, todos los hechos de este caso, y mis dichos abogados me han aconsejado y yo lo creo de buena fe, que tengo una buena causa de defensa en favor de la parte demandada y en contra de la demandante; que la residencia legal de mi esposo John Jacob Siebert, que era comerciante, hasta el momento de su muerte, y donde tenía el centro de sus operaciones mercantiles, así como la mercantil Healy & Siebert, donde tenía su único establecimiento mercantil, era y es en esta Ciudad de Mayagüez." .

El abogado de la apelada insiste en que la omisión en expresar la declarante en su *affidavit* de méritos que el consejo de referencia fué el resultado directo y consecuente de la exposición que ella le hizo de todos los hechos y que la causa de defensa "en favor de la parte demandada y en contra de la demandante" era una defensa "sobre los méritos," es fatal.

Nuestro Código de Enjuiciamiento Civil, después de determinar el lugar para la celebración del juicio de un número de acciones por varias causas que se enumeran, prescribe específicamente en el artículo 81 que: "En todos los demás casos el pleito deberá verse en el distrito en que residieron los demandados, o algunos de ellos, al iniciarse el litigio; * * * ."

El artículo 82 prescribe que:

"Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular

excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente.''

El artículo 83 autoriza el cambio del lugar del juicio: ''cuando el distrito designado en la demanda no es el correspondiente.''

Como se indica en el caso de *Smith* v. *Smith,* 86 Cal. 572, pág. 575:

''El espíritu y norma general del estatuto es dar al demandado el derecho de que todas las acciones personales contra él se celebren en el condado de su residencia. Se prescribe para la celebración de acciones que afecten a la propiedad inmueble en el condado donde los bienes están situados, y para la celebración de ciertas otras determinadas acciones en el condado donde surgió la causa de acción; pero la regla general para el lugar del juicio se prescribe en la sección 395, en la declaración de que 'en todos los demás casos' deberá celebrarse el juicio en el condado donde reside el demandado al iniciarse la acción. Esta sección es general y comprensiva en sus términos, y abarca todos los demás casos con excepción de los especificados en las precedentes tres secciones. El objeto es proteger al demandado del gasto e inconveniente de tener que verse obligado a ir a un condado distante a defenderse de una acción que podría iniciarse allí contra él, y está de acuerdo con los principios existentes donde quiera que prevalece la ley común, de que el demandante que trate de obtener reparación de un demandado debe hacerlo en el condado donde dicho demandado reside.''

Y en el caso de *Buck* v. *City of Eureka,* 97 Cal. 135, una alegación para que se interpretasen estrictamente las prescripciones del código fué resuelta como sigue:

''No conocemos ninguna razón por la cual deban quedar sometidos a una estricta interpretación. La regla, por el contrario, es que los estatutos reparadores deben ser liberalmente interpretados en favor del remedio, y las reglas de procedimiento son reparadoras por su naturaleza. La ley informa al demandante en cuanto al debido condado en el cual debe comenzar la acción, y él debe observar la regla prescrita. Se le permite, sin embargo, que cuando el condado en el cual la acción se inicia no es el debido condado para el juicio, la acción puede, sin embargo, celebrarse allí, a menos que el demandado, al comparecer y contestar a formular excepciones, pre-

sente una declaración jurada y fundada y solicite por escrito que el juicio sea celebrado en el debido condado. (Código de Enjuiciamiento Civil, sección 396). Con respecto a la petición que aquí se exige, nada parece haberse considerado esencial excepto que sea hecha por escrito, como las mociones en general, y que se haga prontamente antes de que la corte, en la cual la acción fué comenzada, se haya visto requerida a considerar sus méritos. Sujeta a estas condiciones razonables, debe darse el mayor reconocimiento al derecho del demandado para que el caso sea trasladado al debido condado. Los casos en los cuales se ha resuelto que además de la notificación escrita de su intención en solicitar un cambio del lugar del juicio, el demandado debe también notificar y archivar otro documento en la forma literal de una petición para el traslado (un procedimiento que es enteramente superfluo), parecen haber llegado hasta aquel grado de rigor que es necesario. Aquí tenemos, además de la notificación de la moción, una petición por escrito, siendo la única objeción que hay en cuanto a ella que los abogados del demandado, titulándose tales abogados, dicen que *ellos* piden, en vez de decir que el *demandado* pide. Puede ser que ellos no cumplan formalmente con los términos precisos del estatuto pero han satisfecho su razón cumpliendo substancialmente y eso es suficiente.''

En el caso de *State Ex rel. Stephens* v. *District Court et al.*, Ann. Cas. 1912 C. pág. 343, la Corte Suprema de Montana expresa en substancia la forma esteriotipada prescrita por los anteriores casos resueltos y después de citar de una enciclopedia una declaración al efecto de que ''toda parte de esta forma es esencial y cualquier desviación de la misma debe ser evitada,'' pasa a decir: ''Creemos que el *affidavit* de méritos exigidos por la sección 6505, Códigos Revisados, es el *affidavit* formal a que se refiere y cuya forma se expresa en las autoridades que acaban precisamente de citarse.''

Pero la corte de Montana fijaba su mente en la distinción que debe establecerse entre los requisitos de una manifestación jurada ''suficiente para justificar a la corte en dejar sin efecto una sentencia en rebeldía'' y aquellos de un *affidavit* hecho con el fin de obtener un cambio del lugar del juicio. No hubo cuestión alguna ni lugar para argumentar,

de haber sido levantada alguna cuestión referente a la sufi-
ciencia del *affidavit* realmente ante la corte, aun cuando fuera
probado por la fraseología de los libros de fórmulas gastados
por el tiempo.

También es verdad que en California algunas de las de-
cisiones, lo mismo que varias de las nuestras, como por ejem-
plo, la del caso de *Agenjo* v. *Santiago,* 25 D. P. R. 467, ci-
tado por la apelada, no están en completa armonía con el
claro precepto de las disposiciones del código y la interpre-
tación liberal de las mismas sugeridas por las citas hechas
de las opiniones en el caso de *Smith* v. *Smith* y de *Bank* v.
*City of Eureka, supra.*

Por otra parte en el caso de *State Ex rel. Allen* v. *Su-
perior Court,* 9 Washington 668, encontramos lo siguiente:

"Al determinar respecto a la suficiencia del affidavit de méritos
debe tenerse en consideración el objeto para el cual fué presentado.
De acuerdo con nuestro estatuto un residente de cualquier condado
tiene derecho, como cuestión legal, a ser demandado en el condado en
el cual él o algunos de su codemandados reside, pero con el fin de
evitar que sentencias dictadas de buena fe queden sujetas a ataque
colateral probándose que después de ser definitivas resultaba que
ninguno de los demandados eran residentes del condado en el cual
dichas sentencias se dictaron, la legislatura ha prescrito sábiamente
que a pesar de este derecho absoluto por parte de un demandado a
que se le demande en el condado de su residencia, este derecho no le
servirá a él de tal modo que prive a la corte de otro condado en el
cual se ha establecido una acción de jurisdicción, a menos que él com-
parezca y levante la cuestión de cuál es el debido condado según dis-
pone el estatuto. Se verá que el derecho a que el caso sea juzgado
en el condado de su residencia es absoluto, y está sujeto únicamente
a ciertas excepciones. Las cortes, por tanto, están en el deber de ver
que estos derechos sean preservados y que las excepciones no sean
interpretadas de tal modo que destruyan tales derechos por razón
de cualquier ligero error técnico por parte del que pretende negar
la excepción. La retención de jurisdicción por la corte que no sea
la del condado de la residencia de la parte es en cierto modo ilegal,
aun cuando no se haga ninguna moción para el traslado al debido
condado, y sólo ha sido sancionado por la legislatura debido a las

necesidades del caso como arriba se sugiere. Se infiere, pues, que los procedimientos por los cuales el derecho a trasladar se convierte en absoluto, y se niega esta excepción, deben ser interpretados con la mayor liberalidad y si resulta de ellos que existe la intención por parte del demandado de valerse de los privilegios del estatuto con el fin de negar la excepción contenida en el que autoriza a la corte a sostener la jurisdicción, debe declararse suficiente aún cuando sólo haya habido un cumplimiento substancial y no técnico con las prescripciones del estatuto.

"Sabemos que las decisiones en el Estado de California y quizá en alguna de los otros Estados, parecen haberse basado en una teoría diferente, pero en nuestra opinión estas cortes han pasado por alto' el hecho de que la excepción por la cual a la corte donde se ha establecido la acción se le permite retener jurisdicción es una necesidad, y sólo se puso en vigor para hacer efectivo el derecho absoluto del traslado al condado de la residencia en tanto era necesario para proteger la validez de las sentencias dictadas cuando no se había presentado ninguna moción para el traslado. De acuerdo con la interpretación liberal de este estatuto, que creemos debe recibir, el affidavit de mérito en el caso de autos era suficiente. Es verdad que en él no se expresa que todo el asunto se ha puesto en conocimiento del abogado, pero se dice que los hechos constitutivos de defensa se les habían hecho saber ampliamente, y puesto que el único objeto en este procedimiento de tal affidavit es demostrar que hay algo que ha de resolverse entre el demandante y los demandados, se cumple enteramente con el fin con esta declaración defectuosa. Aparece suficientemente de la misma que los demandados deseaban alegar una defensa y que el caso se celebrara en el debido condado y de ella puede inferirse lógicamente que ellos tendrán derecho a radicar una contestación en donde se levanten las cuestiones litigiosas para el juicio, y de este modo el objeto para el cual la legislatura exigió el affidavit de mérito se ha cumplido debidamente."

Y otra vez en el caso de *State Ex rel. Stewart & Holmes Drug Co.* v. *Superior Court,* 67 Wash. 321, la misma corte, al interpretar la sección 208 del Código de Washington, se expresó en estos términos:

"Esta sección debe interpretarse con referencia a las secciones 207 y 209. Cuando así se consideran, creemos que es claro que, aun admitiendo que ciertos casos en los cuales un affidavit de méritos con-

siderado en su sentido técnico antiguo, es un requisito esencial previo a la orden de la corte, de aquí no se sigue que lo es así en todos los casos. La sección 209 prescribe que la corte puede cambiar el lugar del juicio cuando aparece del affidavit que 'el condado designado en la demanda no es el debido condado,' o 'para obtener un juicio imparcial,' o para la 'conveniencia de los testigos, o a los fines de la justicia.' Claramente que el affidavit que aquí se menciona no es el affidavit de méritos antiguo. Los méritos del caso son inmateriales cuando el demandado puede cambiar el lugar del juicio al condado de su residencia como cuestión de derecho; o la corte, como cuestión de discreción, puede ordenar un cambio cuando se le demuestra que un juicio imparcial no puede obtenerse, o cuando la conveniencia de los testigos a los fines de la justicia así lo requieren. Un cambio del lugar del juicio se verifica de acuerdo con estas circunstancias cuando los hechos que acreditan cualquiera de estas condiciones quedan demostrados, no porque pueda haber una defensa en la acción que se sostiene por el consejo del abogado, sino por razón del estatuto mismo; y cuando se llama la atención de la corte por medio del affidavit a cualquiera de estas razones, se resolverá que es un 'affidavit de mérito' dentro del significado de la frase como se empleó en la sección 208, y la palabra 'affidavit' según aparece en la sección 269, Rem. & Bal. Code. De modo que en este caso, siendo la residencia del demandado el condado de San Juan, y apareciendo que la acción principal no será juzgada por sus méritos en el condado de King, no vemos que haya razón para intervenir con la orden de la corte, ya que se funde en el derecho absoluto del demandado (4 Ency. Plead. & Prac., pág. 393), o en la facultad discrecional de la corte.''

Este claro abandono de los llamados requisitos esenciales, tradicionales y técnicos en nuestro mejor criterio creemos que es una consideración sana, compatible y de acuerdo con el sentido común sobre el particular que tiende no solamente a simplificar y facilitar el juicio y despachar los casos pendientes, sino también a llevar a cabo sin la intervención judicial u obstrucción, el claro propósito de la legislatura.

La resolución apelada debe ser revocada.

*Revocada la orden apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.