Font, Demandante y Apelante, *v.* Castro et al., Demandados y Apelados.

No. 3402.—*Visto:* Noviembre 7, 1924. *Resuelto:* Noviembre 25, 1924.

Sumisión de las Partes; Requisitos que Deberá Tener.—Para que la sumisión del deudor al domicilio del acreedor surta efecto, es preciso hacerlo constar en la obligación expresando la corte a la cual se someten las partes para la resolución de los litigios a que pudiera dar lugar la obligación.

Traslado del Pleito—Defectos en la Moción de Traslado o en los *Affidavits.*—Cuando el demandado tiene derecho a cambiar el lugar del juicio al distrito de su residencia, carece de importancia cualquier deficiencia relativa a los méritos del caso en los *affidavits* de mérito.

Resolución de *R. Díaz Cintrón,* J. (Ponce), concediendo traslado de pleito. *Confirmada.*

*R. Arjona Siaca,* abogado del apelante; *E. González Mena,* abogado de los apelados.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Se apela en este caso de una resolución concediendo el traslado de un pleito civil en cobro de dinero.

El apelante alega que la corte inferior ignoró la renuncio expresa que de su derecho de domicilio habían hecho los

demandados y que por otro lado dicha corte erró al estimar suficiente los affidavits de méritos en que se funda la moción de traslado.

No se transcribe en la demanda jurada el documento origen de la obligación y solamente se alega, en términos generales, que en la obligación suscrita los demandados renunciaron expresamente su derecho de domicilio.

En el caso de *Gómez* v. *Toro,* 23 D.P.R. 647, interpretando los artículos 76 y 77 de nuestro Código de Enjuiciamiento Civil se dijo por esta corte que la materia relativa a la sumisión previa de las partes constituye un pacto lícito y una vez que se hace en legal forma obliga a la persona que se somete y aun a sus herederos.

El punto ahora para resolver sería si de los términos de la demanda aparece hecha en legal forma la sumisión previa de los demandados a la corte del domicilio del demandante para obligar el cumplimiento del contrato. En el caso de *Hernaiz Targa & Ca.* v. *Vivas,* 20 D.P.R. 106, se dijo que los artículos 76 y 77 arriba citados son de origen distinto a la totalidad de nuestro código, inspirándose dichos preceptos legales en los artículos 56, 57 y 58 de la antigua Ley de Enjuiciamiento Civil, y en el caso de *Gómez* v. *Toro, supra,* que a su vez cita el anterior, se hace un estudio comparativo de los artículos de la ley antigua y la moderna y como resultado de tal estudio se dice:

"El artículo 77 del nuevo código comprende todos los casos de los artículos 57 y 58 de la antigua ley. Pero siguiendo el legislador español la pauta marcada en el artículo 56, define en los artículos 57 y 58 los casos de sumisión expresa y sumisión tácita, mientras que el legislador puertorriqueño, lógico con la fórmula adoptada en el artículo 76, abarca en el artículo 77 todos los casos de sumisión en general, aunque puede concluirse perfectamente que el número 1 del artículo 77 comprende la verdadera sumisión expresa, y los Nos. 2 y 3 del mismo, la tácita, con la única diferencia de que según el código moderno basta que se convenga la sumisión por escrito para que exista y según la ley antigua era necesario que se renunciara el fuero propio y se designara el juez a que se some-

tieren las partes. El código moderno preserva el principio del antiguo, pero lo encierra en una fórmula más sencilla. Es ciertamente innecesaria la renuncia expresa del fuero, porque la expresa sumisión de las partes envuelve claramente tal renuncia." *Gómez* v. *Toro,* 23 D.P.R. 645.

Se puede entender claramente que si bien el vigente Código de Enjuiciamiento Civil ha simplificado el formulismo cuando se ha de hacer constar por las partes el pacto de la sumisión previa, una renuncia en general, aunque expresa, del fuero del demandado, no sería bastante para cumplir con el estatuto. Si la renuncia está demás o es innecesaria por entenderse hecha en virtud de la sumisión, parece obvio decir, como cuestión lógica, que la sumisión previa para que surta su efecto legal, es siempre indispensable hacerla constar, debiendo consignarse con toda precisión en el documento la designación de la corte a quien se someten las partes para la decisión del pleito o pleitos que sean origen del mismo o a que puedan dar lugar el cumplimiento de la obligación. Y esto no se alega en la demanda y la corte inferior no cometió error al no tomar en consideración la renuncia en la forma alegada.

El segundo error que ofrece el apelante se refiere a la suficiencia de los affidavits que apoyan la moción de los demandados. Y alega que no son suficientes porque no expresan la creencia de los demandados en la existencia de una justa, buena y meritoria defensa y además no aparece de la moción ni de los affidavits que dichos demandados hubieran hecho a su abogado una relación completa y justa de los hechos de modo que dicho abogado les hubiera podido informar sobre los propios méritos del caso.

La jurisprudencia parece que ha establecido una diferencia entre los requisitos que debe contener un affidavit de méritos para abrir una rebeldía, con los que se requieren para sostener una moción de traslado. *Baker, Carver & Morrel* v. *Healy & Siebert,* 31 D.P.R. 559. En el último sentido las interpretaciones han sido más liberales y la discusión de las

autoridades se ha conducido en forma cada vez más progresiva al extremo que se ha declarado que el derecho a que el caso sea juzgado en la residencia del demandado es absoluto y únicamente está sujeto a ciertas excepciones. Esto puede verse del caso arriba citado.

Puede bien afirmarse que las excepciones a que alude la jurisprudencia están comprendidas en nuestro código en los artículos 76, 77 y 82. Estos artículos, respectivamente, dicen:

"Art. 76.—Con arreglo a su jurisdicción, una corte conocerá de los pleitos a que dé origen el ejercicio de las acciones de todas clases, cuando las partes hubieren convenido en someter dicho pleito a la decisión de tal corte.

"Art. 77.—Se entenderá hecha la sumisión:

"1. Por convenio escrito de las partes.

"2. Por el demandante en el mero hecho de acudir a la corte interponiendo la demanda.

"3. Por el demandado en el hecho de hacer, después de personado en el juicio, cualquiera gestión que no sea la de pedir que el juicio se celebre en la corte correspondiente.

"Art. 82.—Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

La razón del artículo 82 puede encontrarse en el caso de *State ex rel. Allen* v. *Superior Court,* 9 Wash. 668 (38 Pac. 206), en donde se sostiene que un demandado tiene el derecho como cuestión legal a ser demandado en el distrito en que residiere, pero con el fin de evitar que sentencias dictadas de buena fe estuvieran expuestas a ataque colateral probándose que después de definitivas resultaba que el demandado no era residente del distrito, la legislatura ha prescrito sabiamente que a pesar del derecho absoluto del demandado a que se le demande en el distrito de su residencia (art. 81 de nuestro Código de Enj. Civ.) pueda ser de-

mandado en otro distrito, en iguales términos que se desprende de dicho artículo 82 del código nuestro.

En el mismo caso se discuten las decisiones de la Corte Suprema de California y en este punto la corte Suprema del Estado de Washington dice:

"Sabemos que las decisiones en el Estado de California y quizá en alguno de los otros Estados, parece haberse basado en una teoría diferente, pero en nuestra opinión estas cortes han pasado por alto el hecho de que la excepción por la cual a la corte donde se ha establecido la acción se le permite retener jurisdicción es una necesidad, y sólo se puso en vigor para hacer efectivo el derecho absoluto del traslado al condado de la residencia en tanto era necesario para proteger la validez de las sentencias dictadas cuando no se había presentado ninguna moción para el traslado. De acuerdo con la interpretación liberal de este estatuto, que creemos debe recibir, el affidavit de mérito en el caso de autos era suficiente. Es verdad que en él no se expresa que todo el asunto se ha puesto en conocimiento del abogado, pero se dice que los hechos constitutivos de defensa se les había hecho saber ampliamente, y puesto que el único objeto en este procedimiento de tal affidavit es demostrar que hay algo que ha de resolverse entre el demandante y los demandados, se cumple enteramente con el fin con esta declaración defectuosa. Aparece suficientemente de la misma que los demandados deseaban alegar una defensa y que el caso se celebrara en el debido condado y de ella puede inferirse lógicamente que ellos tendrán derecho a radicar una contestación en donde se levanten las cuestiones litigiosas para el juicio, y de este modo el objeto para el cual la legislatura exigió el affidavit de mérito se ha cumplido debidamente."

En nuestro Código de Enjuiciamiento Civil se prescribe por el artículo 81, en los casos no comprendidos en los artículos anteriores, el derecho absoluto de un demandado a que se vea el pleito en el distrito de su residencia.

Y el artículo 83 para dar cierta efectividad al artículo 81, dice:

"Art. 83.—La corte podrá, previa moción, cambiar el lugar del juicio en los siguientes casos:

"1. Cuando el distrito designado en la demanda no es el correspondiente.

"2. Cuando hubiere motivo para creer que un juicio imparcial no puede celebrarse allí.

"3. Cuando la conveniencia de los testigos y los fines de la justicia se beneficiasen con el cambio.

"4. Cuando por cualquier motivo el juez estuviere incapacitado para entender en el asunto."

La misma Corte Suprema del Estado de Washington interpretando preceptos procesales parecidos, si no idénticos a los artículos 81 y 83 y poniéndoles en íntima relación y armonía, llega a la verdadera conclusión radical que debía llegarse en sentido ·de que los méritos del caso son inmateriales cuando el demandado puede cambiar el lugar del juicio al distrito de su residencia como cuestión de derecho, salvo desde luego, la excepción de la sumisión que autoriza nuestro código, antes o después de empezado el pleito. *Gómez v. Toro, supra.*

En conexión con lo que se acaba de decir, en el caso ya citado de esta Corte Suprema de *Baker, Carver & Morrell v. Healy & Siebert* se cita a su vez el caso de *State ex rel. Stewart & Holmes Drug Co. v. Superior Court,* 67 Wash. 321 (121 P. 460), y la parte de la opinión que se transcribe es como sigue:

"Esta sección debe interpretarse con referencia a las secciones 207 y 209. Cuando así se consideran, creemos que es claro que, aun admitiendo que ciertos casos en los cuales un affidavit de méritos considerado en su sentido técnico antiguo, es un requisito esencial previo a la orden de la corte, de aquí no se sigue que lo es así en todos los ·casos. La sección 209 prescribe que la corte puede cambiar el lugar del juicio cuando aparece del affidavit que 'el condado designado en la demanda no es el debido condado,' o 'para obtener un juicio imparcial,' o para la 'conveniencia de los testigos, o a los fines de la justicia.' Claramente que el affidavit que aquí se menciona no es el affidavit de méritos antiguo. Los méritos del caso son inmateriales cuando el demandado puede cambiar el lugar del juicio al condado de su residencia como cuestión de derecho; o la corte, como cuestión de discreción, puede ordenar un cambio cuando se le demuestra que un juicio imparcial no puede obtenerse, o cuando la conveniencia de los testigos a los fines de la

justicia así lo requieren.    Un cambio del lugar del juicio se veri-
fica de acuerdo con estas circunstancias cuando los hechos que acre-
ditan cualquiera de estas condiciones quedan demostrados, no por-
que pueda haber una defensa en la acción que se sostiene por el con-
sejo del abogado, sino por razón del estatuto mismo; y cuando se
llama la atención de la corte por medio del affidavit a cualquiera
de estas razones, se resolverá que es un 'affidavit de mérito' dentro
del significado de la frase como se empleó en la sección 208, y la
palabra 'affidavit' según aparece en la sección 269, Rem & Bal. Code.
De modo que en este caso, siendo la residencia del demandado el
condado de San Juan, y apareciendo que la acción principal no
será juzgada por sus méritos en el condado de King, no vemos que
haya razón para intervenir con la orden de la corte, ya que se funde
en el derecho absoluto del demandado (4 Ency. Plead. & Prac., pág.
393), o en la facultad discrecional de la corte.''

Y esta Corte Suprema por voz del Juez Hutchison dijo:

''Este claro abandono de los llamados requisitos esenciales, tra-
dicionales y técnicos en nuestro mejor criterio creemos que es una
consideración sana, compatible y de acuerdo con el sentido común
sobre el particular que tiende no solamente a simplificar y facilitar
el juicio y despachar los casos pendientes, sino también a llevar a
cabo sin la intervención judicial u obstrucción, el claro propósito
de la legislatura.''

*Por todo lo expuesto, la resolución de la corte inferior
debe ser confirmada.*

El Juez Asociado Sr. Wolf firmó: ''Conforme con la
sentencia y en que es suficiente el *affidavit* de méritos.''