Sucs. de José Fernández, S. en C., demandante y apelada, *v.* Diego Zalduondo, demandado y apelante.

No. 5045—*Sometido:* Noviembre 12, 1929. *Resuelto:* Diciembre 18, 1929.

*A. Aponte* y *Francisco González,* abogados del apelante; *E. Martínez Rivera,* abogado de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del Tribunal.

Sucesores de José Fernández, Sociedad en Comandita, presentó ante la Corte de Distrito de San Juan una demanda contra Diego Zalduondo, vecino de Fajardo. En la demanda se alegan dos causas de acción: una para pago de $1,501.88, montante de un giro a favor de la demandante, y contra el demandado; y otra para pago de $700, importe de un pagaré a la orden de Don Francisco González Matta, trasmitido, según la alegación, por endoso, a la demandante.

El demandado presentó una moción de traslado para que del caso conociera la Corte de Distrito de Humacao. A la moción se acompañan una excepción previa, y una declara-

ción jurada acerca de méritos. El demandado pidió a la Corte de Distrito de San Juan, señalamiento para audiencia de la moción de traslado; y oída ésta, la corte resolvió denegar el traslado. La resolución, que es la aquí apelada, es como sigue:

"La vista se celebró en junio 17 de 1929 apareciendo del pagaré que se copia literalmente en el hecho 3º. de la demanda, que el demandado Diego Zalduondo se sometió expresamente a la competencia de la Corte de San Juan, P. R.

"La corte, por la presente, declara sin lugar en todas sus partes la moción de traslado presentada por el demandado."

Para los fines de esta opinión, debe especificarse que en la primera causa de acción que en la demanda se establece, no se copia documento alguno, ni se alega sumisión por el demandado. En la segunda causa de acción se copia el siguiente documento:

"Montante $700.00.—Valor al 3 de abril de 1929. Pagaré solidariamente a Don Francisco González Matta, o a su orden la suma de setecientos dólares, por valor recibido, que pagaré en moneda de los Estados Unidos de América, el día tres de abril del año mil novecientos veintinueve. Me obligo solidariamente a pagar intereses al doce por ciento anual en caso de demora y las costas y gastos que ocasionare el cobro y honorarios de abogado en caso de reclamación judicial. Al fiel cumplimiento de esta obligación comprometo mis bienes y me someto a la competencia de las Cortes de San Juan, Puerto Rico. Fajardo, enero 3, 1929. (fdo.) Diego Zalduondo Veve. Endosado a favor de los Sres. Sucs. de José Fernández. Febrero 20/29. (fdo.) Francisco González Matta. Páguese a la orden del Banco Comercial de Puerto Rico. San Juan, marzo 8, 1929. (fdo.) Sucs. de José Fernández."

El apelante alega como error en la corte la negativa del traslado.

La parte apelada llama nuestra atención acerca de un punto sobre el que queremos resolver preferentemente. Nos dice que el demandado acudió a la Corte de San Juan para pedir que se señalara la audiencia de la moción de traslado; y que por ese hecho se ha sometido a la jurisdicción.

La situación del pleito era ésta: una demanda presentada, y una moción de traslado presentada también en forma. ¿Podría sostenerse que el que presenta tal moción debe quedar, desde ese momento, inactivo y privado del derecho a que se le oiga acerca de lo que pidió? ¿Se han cerrado para él las puertas de la corte en cuanto al traslado se refiere? La afirmativa en este caso sería absurda, e iría contra la base de todo procedimiento judicial, o sea la administración y obtención de justicia.

La ley (artículo 77 del Código de Enjuiciamiento Civil) es ésta:

"Art. 77.—Se entenderá hecha la sumisión:

"1.—         *         *         *         *         *

"2.—         *         *         *         *         *

"3.—Por el demandado en el hecho de hacer, después de personado en el juicio, cualquiera gestión que no sea la de pedir que el juicio se celebre en la corte correspondiente."

No puede entenderse por *gestión* que esté comprendida en esas palabras del texto legal, la que el demandado hace precisamente en pro del traslado. Una petición de esa clase no puede ser confundida con la gestión *en el pleito,* entre otras razones porque no se solicita de la corte que realice acto alguno jurisdiccional. Hay, además, una seria diferencia entre la comparecencia especial, y la general. De ella se ha tratado en la decisión en el caso *United States Casually Co.* v. *Méndez,* 38 D.P.R. 995, en donde con toda precisión se establece la idea de una comparecencia general. De esa decisión debe citarse el siguiente párrafo:

"Ahora bien, el demandado no podía atacar la jurisdicción de la Corte de Distrito de Mayagüez por el hecho de residir en cualquiera otra parte de la isla. Debió solicitar el traslado del pleito. Su moción, sin embargo, no atacaba ni la jurisdicción ni la competencia de la corte. No era una comparecencia especial según la definición dada en esta jurisdicción."

No hay, en realidad, comparecencia en el pleito, por pedir que se oiga la moción de traslado.

■ De más importancia e interés es el problema planteado por el apelante en estos o parecidos términos: Hay aquí dos causas de acción: en cuanto a la cantidad reclamada como importe de un giro, el demandado no ha hecho manifestación alguna de sumisión a tribunal determinado; en cuanto al pagaré el demandado ha usado la fórmula "me someto a la competencia de las cortes de San Juan." El apelante propone como primera cuestión la de la vaguedad de esa fórmula.

Citadas por las partes las decisiones de este tribunal en los casos *Gómez* v. *Toro,* 23 D.P.R. 642, y *Font* v. *Castro,* 33 D.P.R. 784, es preciso decir aquí no es dable aplicar a este caso la doctrina *Font* v. *Castro,* en cuyo caso no aparecía el documento en que se alegó haberse hecho la sumisión, y la corte no podía hacer declaración alguna en cuanto a sus términos. En *Gómez* v. *Toro,* se copió el documento, y la fórmula usada fué:

"Sometiéndose expresamente a la competencia de los Tribunales insulares de San Juan . . . "

Análoga la forma a la del documento de que aquí se trata, que es suficiente para designar con claridad y precisión el tribunal a que se somete el deudor.

Más importante es el otro punto tratado por el apelante. Cita el caso *Fong* v. *Sternes,* 79 Cal. 30 en donde se dijo:

"Si una demanda aduce dos causas de acción, respecto a una de las cuales la parte demandada tiene derecho al traslado del pleito, mas no en cuanto a la otra, el caso debe ser trasladado."

La parte apelada invoca a su vez la doctrina del caso *Shafer* v. *Brashear,* 274 S.W. 229, en donde se dijo:

"En vista de la regla para evitar multiplicidad de procedimientos, la corte sentenciadora resolvió que tenía jurisdicción del litigio en el condado de Live Oak, que no era el de la residencia del demandado, habiéndose basado el litigio parcialmente en un contrato escrito sobre pago de mano de obra y materiales en el condado de Live Oak, y en parte sobre un contrato verbal para pago de ciertos

materiales adicionales suministrados, a pesar de que la suma reclamada a virtud del contrato verbal era casi nueve veces mayor que el importe adeudado del contrato.''

La cita hecha por el apelante (*Ah Fong* v. *Sternes,* 79 Cal. 30) puede ser reforzada con la doctrina en el caso *Brady* v. *Times Mirror Co.,* 106 Cal. 56, 39 Pac. 2091. En este último caso se dijo por la corte.

''El derecho de un demandante a que 'su caso sea visto en un condado distinto al de la residencia del demandado es excepcional, y si el demandante reclama tal derecho debe colocarse a sí mismo dentro de los términos de la excepción.''

No se ha suscitado la cuestión de si podían o no acumularse las dos causas de acción en este caso deducidas; y no hay para qué resolver acerca de ella.

El demandado tiene el derecho de que la acción en que no se ha sometido a la Corte de San Juan, se siga y decida en la de su residencia. En este sentido la resolución de que se apela fué errónea.

*Debe revocarse la resolución apelada, y dictarse otra declarando con lugar el traslado.*