Rafael Silva, demandante y apelante, *v.* Sucn. de Valentín
R. Báez, compuesta de sus hijos Micaela R. Báez, Octa-
vio R. Báez y Josefa Báez, demandada y apelada.

No. 3676.—*Visto:* Noviembre 10, 1925. *Resuelto:* Noviembre 18, 1925.

*Venue*—Cambio de *Venue* o de Lugar del Juicio—Solicitud de Traslado—
Affidavits.—Solicitado un traslado—por razón de residencia—en pleito en
que se ejercita una acción personal, debe verificarse, como cuestión de
derecho, cuando los hechos que acreditan dicha residencia quedan demos-
trados, y más aún cuando la demanda misma alega que dichos demandados
tienen su residencia en un distrito distinto a aquél en que se ejercita la
acción.

Resolución de *Rafael Díaz Cintrón,* J. (Ponce), declarando con lu-
gar moción de traslado. *Confirmada.*

*C. R. Colón,* abogado del apelante; *P. Fajardo Martínez,* abogado
de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del
tribunal.

Esta es una apelación de una resolución concediendo el
traslado de un pleito civil en cobro de dinero.

El apelante alega en su misma demanda que los deman-
dados no tienen su domicilio en el distrito en que han sido
demandados pero insiste en sostener que la cuestión que se
presenta no consiste en si los demandados tienen o nó de-
recho al traslado, sino exclusivamente en los méritos del
*affidavit* para sostener tal derecho.

Esta es una cuestión que ha sido extensamente estudiada
por esta Corte Suprema en los casos de *Baker, Carver &
Morrell* v. *Healy & Siebert,* 31 D.P.R. 559, y *Font* v. *Castro,*
resuelto en 25 de noviembre de 1924. Se hace innecesario
ampliar la discusión. Basta referirnos únicamente a aque-
lla parte de la opinión del caso de *State ex rel. Stewart &
Holmes Drug Co.* v. *Superior Court,* 67 Wash. 321 (121
Pac. 460), citado a su vez en dichos casos, y que dice:

"Esta sección debe interpretarse con referencia a las secciones
207 y 209. Cuando así se consideran, creemos que es claro que, aun
admitiendo que ciertos casos en los cuales un affidavit de méritos
considerado en su sentido técnico antiguo, es un requisito esencial

previo a la orden de la corte, de aquí no se. sigue que lo es así en todos los casos. La sección 209 prescribe que la corte puede cambiar el lugar del juicio cuando aparece del affidavit que 'el condado designado en la demanda no es el debido condado,' o 'para obtener un juicio imparcial,' o para la 'conveniencia de los testigos, o a los fines de la justicia.' Claramente que el affidavit que aquí se menciona no es el affidavit de méritos antiguo. Los méritos del caso son inmateriales cuando el demandado puede cambiar el lugar del juicio al condado de su residencia como cuestión de derecho; o la corte, como cuestión de discreción, puede ordenar un cambio cuando se le demuestra que un juicio imparcial no puede obtenerse, o cuando la conveniencia de los testigos a los fines de la justicia así lo requieren. Un cambio del lugar del juicio se verifica de acuerdo con estas circunstancias cuando los hechos que acreditan cualquiera de estas condiciones quedan demostrados, no porque pueda haber una defensa en la acción que se sostiene por el consejo del abogado, sino por razón del estatuto mismo; y cuando se llama la atención de la corte por medio del affidavit a cualquiera de estas razones, se resolverá que es un 'affidavit de mérito' dentro del significado de la frase como se empleó en la sección 208, y la palabra 'affidavit' según aparece en la sección 269, Rem. & Bal. Code. De modo que en este caso, siendo la residencia del demandado el condado de San Juan, y apareciendo que la acción principal no será juzgada por sus méritos en el condado de King, no vemos que haya razón para intervenir con la orden de la corte, ya que se funde en el derecho absoluto del demandado (4 Ency. Plead. & Prac., pág. 393), o en la facultad discrecional de la corte.''

*Por lo expuesto debe confirmarse la resolución apelada.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.