Josɛ́ Luis Onna, demandante y apelante, *v.* The Texas Co., Inc., demandada y apelada.

Núm. 8907.—*Sometido:* Noviembre 17, 1944. *Resuelto:* Febrero 13, 1945.

*Benigno T. Pacheco Tizol,* abogado del apelante; *James R. Beverley, R. Castro Fernández, José López Baralt* y *R. Rodríguez Lebrón,* abogados de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El obrero demandante apelante fué empleado por la corporación demandada en unión de otros obreros, para picar y raspar la superficie interior de uno de los tanques que la demandada utilizaba para depositar gasolina de aviación, que contiene plomo y gases altamente perjudiciales a la salud.

En la demanda se alega que como consecuencia del trabajo que hubo de realizar dentro de dicho tanque, la salud del demandante fué seriamente afectada, sufriendo daños y perjuicios por valor de $5,000; y que esos daños han sido motivados por la culpa, descuido y negligencia de la demandada.

Acogiéndose a lo dispuesto por la Regla 12, párrafo (b) de las Reglas de Enjuiciamiento Civil, la demandada solicitó la desestimación de la demanda (a) por carecer la corte de distrito de jurisdicción sobre la materia objeto de la reclamación y (b) por no exponerse en dicha demanda hechos constitutivos de una causa de acción. En apoyo de su moción, la demandada alegó que cumpliendo con la obligación que le impone la Ley número 45 de abril 18 de 1935, The Texas Company (P. R.) Inc., es y era en la fecha del accidente un patrono asegurado con el Fondo del Seguro del Estado; que en la demanda no se alega que la demandada sea un patrono no asegurado; que la sección 20 de la referida Ley número 45 de 1935 provee que "el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono"; y, por último, que el obrero demandante recibió todos los beneficios concedídosle por dicha ley, fué dado de alta sin incapacidad de clase alguna y recibió las sumas que de acuerdo con el estatuto debía percibir del Fondo del Seguro del Estado. Los hechos así alegados por la demandada están corroborados por una certificación ex-

pedida por el Administrador del Fondo del Seguro del Estado, anexa a la moción.

La Corte de Distrito de San Juan dictó sentencia declarando con lugar la moción de desestimación, por el fundamento de que dicha corte carece de jurisdicción para conocer de la acción.

Consideraremos solamente la cuestión legal envuelta en los tres primeros señalamientos.

■ Sostiene el apelante que la corte inferior erró al no limitarse, en la consideración de la cuestión jurisdiccional, a los hechos alegados en la demanda; y al admitir y tomar en consideración la certificación del Administrador del Fondo del Seguro del Estado.

La Regla 12(*b*) de las Reglas de Enjuiciamiento Civil, establece como regla general la de que las defensas de hecho o de derecho contra cualquier demanda o solicitud deberán presentárse en la contestación. Como excepciones, la misma regla establece que las defensas de (1) falta de jurisdicción sobre la materia y (6) dejar de exponer hechos constitutivos de causa de acción, podrán ser interpuestas mediante moción, a opción del que alega. Estas mociones de desestimación permitidas por la Regla 12(*b*) han venido en realidad a sustituir a las antiguas y abolidas excepciones previas y su propósito fundamental es el de dar al tribunal que ha de conocer del caso en sus méritos una oportunidad para determinar previamente si se trata de una materia de las comprendidas dentro de su jurisdicción o si los hechos alegados son suficientes para que se obligue al demandado a radicar una alegación responsiva.

En la consideración de estas mociones, la corte deberá tener en cuenta únicamente los hechos expuestos en la demanda, sin que pueda entrar a considerar materia extraña a la alegada. *Sun Oil Co.* v. *Pfeiffer, et al.,* 1 Fed. Rules Dec. 119; *Kentucky-Tennessee Light & Power Co.* v. *Nashville Coal Co., et al.,* 37 Fed. Supp. 728. Empero, la juris-

prudencia federal interpretativa de las Reglas de Enjuiciamiento Civil ha establecido como excepción a la regla general antes expuesta, que cuando la controversia planteada envuelve una cuestión de jurisdicción, la corte, al resolver la moción para desestimar, puede considerar otros hechos fuera de los alegados en la demanda. En *Kentucky-Tennessee, etc.* v. *Nashville Coal Co.*, supra, la corte federal se expresó así:

"La Regla 12(*b*) no provee específicamente que se puedan radicar *affidavits* en apoyo de las mociones, pero no tenemos dudas de que esos *affidavits* pueden ser debidamente radicados con el propósito de someter a la consideración de la corte ciertos hechos adicionales que no han sido presentados por la alegación contra la cual va dirigida la moción, y que tendrían relación con la cuestión de jurisdicción, el lugar para la celebración del juicio o el emplazamiento (*process*) . . . . Bajo tales circunstancias, una moción expositiva de hechos adicionales (*speaking motion*), apoyada por *affidavit*, es correcta."

Véanse: *Ellis* v. *Stevens*, 37 Fed. Supp. 488 y *Central Mexico Light & Power Co., et al.* v. *Munch*, 116 F. (2d) 85. ▆▆▆ En la demanda radicada en el presente caso se alega que el demandante, en unión a otros obreros, fué empleado por la demandada para picar y raspar el tanque. Esa alegación es por sí sola suficiente para establecer la relación de patrono y obrero entre la demandada y el demandante. Una vez establecida esa relación, de ella surge inevitablemente la obligación legal del patrono (Ley núm. 45 de 1935, sec. 18) de asegurar a sus obreros, en el Fondo del Seguro del Estado, la compensación que éstos deban recibir por lesiones, enfermedad o muerte. El incumplimiento de esta obligación no solamente expone al patrono a la responsabilidad penal prescrita por la sección 17 de la Ley de Compensaciones por Accidentes del Trabajo, si que también a las responsabilidades civiles que la sección 15 de la misma ley impone a los patronos que en contravención del estatuto no estuvieren asegurados.

De acuerdo con la citada sección 15, cuando el patrono no ha cumplido con su obligación de asegurar a sus obreros, cualquier obrero perjudicado puede proceder contra él radicando una petición de compensación ante la Comisión Industrial; y puede, además, demandar al patrono ante las cortes en reclamación de daños y perjuicios. Si la suma concedida por la corte fuere mayor que la compensación fijada por la Ley de Compensaciones, el montante de la compensación será deducido de la suma concedida como daños y perjuicios. En caso de que fuere demandado ante las cortes en reclamación de daños y perjuicios, el patrono no asegurado no podrá interponer las defensas de negligencia contributoria, o la asunción del riesgo de la lesión, o que el accidente fué motivado por la negligencia de un contratista independiente, a menos que éste se hubiere asegurado en el Fondo del Estado.

La sección 20 de la citada ley prescribe que cuando el patrono ha cumplido con la ley y ha asegurado sus obreros, entonces el derecho establecido por la ley para obtener compensación "será el único remedio en contra del patrono". De acuerdo con las citadas disposiciones legales, el obrero que ha sufrido un accidénte compensable bajo la Ley de Compensaciones por Accidentes del Trabajo, puede demandar a su patrono ante los tribunales de justicia, en acción de daños y perjuicios, solamente en el caso de que su patrono en contravención del estatuto hubiere dejado de asegurar a sus obreros.

En la demanda radicada en este caso no se alega que la corporación demandada fuera en la fecha del accidente un patrono no asegurado. ¿Tiene la corte de distrito jurisdicción para conocer de una acción de daños y perjuicios, incoada por un obrero contra su patrono, cuando de la faz de la demanda no aparece que el patrono no estaba asegurado? Ésa es la cuestión que debemos resolver.

El artículo 464 del Código de Enjuiciamiento Civil (Ed. 1933, Art. 102 Ley de Evidencia) enumera treinta y nueve presunciones disputables, las cuales pueden ser controvertidas por otra evidencia. Entre ellas figuran las siguientes:

"1. Que una persona es inocente de delito o falta.

". . . . . . . . .

"32. Que la ley ha sido acatada."

Aplicando este precepto legal a la demanda que tenemos a la vista, estamos obligados a presumir que The Texas Company es inocente del delito de no haber asegurado sus obreros y que dicho patrono acató la ley, asegurando al obrero demandante y a sus compañeros en el Fondo del Seguro del Estado. Dando al patrono demandado el beneficio de las dos mencionadas presunciones, la demanda debe ser considerada como si en ella se alegase específicamente que The Texas Company es un patrono asegurado; y en ese caso, la conclusión inescapable es que de la propia faz de la demanda—y sin necesidad de la certificación admitida en evidencia—se desprende que la corte de distrito carece de jurisdicción para conocer de la acción que se trata de ejercitar.

El propósito fundamental de las Reglas de Enjuiciamiento Civil (Ley núm. 9 de abril 5, 1941) es el de simplificar los procedimientos judiciales y promover una rápida administración de justicia. Habiéndose levantado la cuestión de falta de jurisdicción y dependiendo su resolución del hecho de si la demandada era un patrono asegurado o no asegurado, la corte inferior no erró al admitir evidencia demostrativa de que la demandada estaba asegurada en el Fondo del Seguro del Estado. *Cohen* v. *American Window Glass Co.,* 126 F. (2d) 111; *Samara* v. *United States,* 129 F. (2d) 594; *Murray* v. *American Export Lines, Inc.,* 53 Fed. Supp. 861, 3 Fed. Rules Service, 674, 675. Esa prueba demostró que la corte inferior carecía de jurisdicción para

526

conocer de esa demanda y que el único remedio del obrero contra el patrono asegurado es el que le concede la Ley de Compensaciones por Accidentes del Trabajo.

*La sentencia recurrida será confirmada.*