JUAN GARCÍA ROCA, ET. AL., demandantes y apelados, *v.* CENTRAL ALIANZA, demandada y apelante.

Núm. 9089.—*Sometido:* Marzo 12, 1945.   *Resuelto:* Junio 15, 1945.

*Eduardo Pérez Casalduc,* abogado de la apelante;   *Rafael B. Pérez Mercado,* abogado de los apelados.

134

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Esta apelación se interpuso contra una resolución denegatoria de una moción de traslado. Se basó la resolución apelada en que la demandada no acompañó su moción de traslado de un *affidavit* de méritos.

█ La moción está predicada en que la demandada, conforme resulta de las alegaciones de la demanda, es una corporación con domicilio en el distrito de Arecibo y en que se trata de un pleito de reivindicación de bienes inmuebles radicados todos dentro de dicho distrito, para el cual se solicitó el traslado.

La contención del apelado es que debió radicarse el affidavit de méritos y que la Regla 12(*b*) de Enjuiciamiento Civil no ha derogado los artículos del Código de Enjuiciamiento Civil que tratan de las mociones de traslado (*change of venue*).

De conformidad con la Regla 12(*b*), las defensas que en la misma se enumeran, y entre ellas la falta de competencia del tribunal (*improper venue*), deben levantarse mediante moción para desestimar la demanda, *Onna* v. *The Texas Co.*, 64 D.P.R. 520 (1945), o en la contestación alegando la falta de competencia. En caso de declararse con lugar la moción, el único remedio que puede concederse es la desestimación de la demanda por falta de competencia, sin perjuicio de que el demandante pueda radicar nueva demanda en la corte competente. 3 Fed. Rules Serv. 674, 675. La referida regla no está en conflicto con los artículos 75 al 85, inclusive, del Código de Enjuiciamiento Civil, referentes al lugar para la celebración de los juicios en asuntos civiles. La regla y los artículos del Código son armonizables. Cuando el demandado presenta su moción para desestimar la demanda por falta de competencia (*improper venue*) sin solicitar a la vez el traslado del caso a la corte correspondiente, el precepto legal aplicable es la regla 12(*b*), con arreglo a la cual

la corte donde se radicó la demanda no tiene otra alternativa, en caso de declarar con lugar la moción, que desestimar la demanda sin perjuicio de que el demandante radique un nuevo pleito ante la corte competente. *Duval* v. *Bathrick,* 3 Fed. Rules Serv. 12 *b* 23, Case 2; 31 F. Supp. 510.

Pero cuando como en el presente caso el demandado solicita el traslado del pleito (*change of venue*), rigen los artículos correspondientes del Código de Enjuiciamiento Civil, como si la regla 12(*b*) no existiera, pues se trata de una situación distinta. Armonizada la regla de procedimiento con los artículos del Código, réstanos determinar ahora si la moción de traslado que en este caso presentó la demandada debe ser desestimada por no haber sido acompañada de un affidavit de méritos.

Como hemos visto, la moción de traslado está predicada en el domicilio de la demandada y en la naturaleza del pleito. De la faz de la demanda aparece que el domicilio de la demandada radica dentro del distrito judicial de Arecibo, y que las fincas cuya reivindicación se solicita radican todas dentro del mismo distrito. En cuanto a la prueba de estos dos particulares—el domicilio del demandado y el sitio donde radican los bienes—el affidavit de méritos es claramente innecesario, puesto que el propio demandante los alega en la demanda.

■■ En lo que respecta a si la demandada tiene o no una buena defensa, se ha resuelto que cuando se trata de traslado por razón del domicilio del demandado o de reclamación de bienes inmuebles radicados en el distrito para el cual se solicita el traslado, el derecho del demandado a obtenerlo es absoluto. *Usera* v. *Luce & Co., S. en C.,* 58 D. P.R. 290, 295 (1941); *Silva* v. *Sucn. Báez,* 34 D.P.R. 742 (1925); *Font* v. *Castro,* 33 D.P.R. 784, 786 (1924). Si el derecho es absoluto, la corte no tiene discreción para negarlo, y consecuentemente el affidavit de méritos es innecesario.

Es verdad que el art. 82 del Código de Enjuiciamiento Civil no establece distinciones entre los distintos motivos de traslado al exigir el affidavit de méritos. Pero cuando como en el presente caso la presentación de ese affidavit no conduce a ningún fin práctico, puesto que de la faz de la demanda resulta la incompetencia de la corte para conocer del caso y el derecho absoluto del demandado a obtener el traslado, debemos concluir que la Asamblea Legislativa, en casos como el presente, no tuvo la intención de exigir tal affidavit, ya que no hemos de presumir que habría de exigir cosas inútiles.

Siendo innecesaria la presentación del affidavit de méritos bajo las circunstancias de este caso, erró la corte inferior al denegar el traslado por no haberse acompañado dicho affidavit. *Procede revocar la resolución denegatoria del traslado, declarar con lugar la moción y devolver el caso a la corte inferior para que remita los autos a la Corte de Distrito de Arecibo.*