MARINA GONZÁLEZ, MARIANO E. GINORIO, JR., y ANTONIO QUINTERO, demandantes y apelados, *v.* AMERICAN SURETY COMPANY OF NEW YORK y JOSÉ A. CARRIÓN NIETO, de- · mandados y apelantes.

Núm. 10161.—*Sometido:* Mayo 1, 1950. *Resuelto:* Mayo 4, 1950.

*Faustino R. Aponte,* abogado de los apelantes; *Bolívar Pagán,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El día 8 de junio de 1949 se radicó la demanda sobre reclamación de daños y perjuicios en el Tribunal de Distrito de San Juan. Se alegó en ella que el accidente que ocasionó los daños ocurrió en la carretera insular que conduce de Humacao a la Playa de Humacao. El 17 de junio de 1949 los demandados radicaron una moción solicitando la desestimación de la demanda basada en la Regla 12(*b*) (3) de las de Enjuiciamiento Civil, o sea, por falta de competencia del tribunal. El día 20 de junio de 1949 los demandantes radicaron una moción solicitando el traslado del pleito a la Corte de Distrito de Humacao por ser ésta la corte con competencia para ver y resolver el caso. El 22 de junio los demandados radicaron moción oponiéndose al traslado y llamando la atención de la corte a que ellos habían radicado una moción solicitando la desestimación. El 27 de junio de 1949 se celebró la vista de la moción de traslado de los demandantes y la corte inferior la declaró sin lugar en corte abierta. Sin embargo, no fué hasta el *18 de octubre de 1949* que la secretaria archivó en autos copia de la notificación de dicha resolución hecha a las partes. El *25 de octubre de 1949* los demandantes radicaron moción solicitando la reconsideración de la resolución

dictada el 27 de junio y notificada el 18 de octubre. La corte señaló una vista para el 4 de noviembre y antes de celebrarse la misma, el 31 de octubre, los demandados radicaron moción oponiéndose a la reconsideración· solicitada por los demandantes por haber sido ésta radicada cuando ya habían transcurrido los cinco días que señala el artículo 292 del Código de Enjuiciamiento Civil, según enmendado por la Ley núm. 67 de 8 de mayo de 1937 (Leyes de 1936–37, pág. 199). [1]

El 22 de noviembre de 1949 la corte inferior, después de haber oído a las partes el 4 de noviembre, dictó resolución declarando con lugar la moción de reconsideración de los demandantes y ordenó el traslado del caso a la Corte de Distrito de Humacao. Se basó la corte en el artículo 83 del Código de Enjuiciamiento Civil y en las Reglas 60 y 61 de las de Enjuiciamiento Civil.

No conformes los demandados con dicha resolución, entablaron el presente recurso de apelación [2] y en apoyo del mismo señalan tres errores, siendo el primero suficiente a nuestro juicio para revocar la resolución apelada, ya que el mismo es al efecto de que la corte inferior erró al reconsiderar su resolución denegando el traslado después de haber transcurrido los cinco días que señala el artículo 292, supra, y por ende, que actuó sin jurisdicción. Veamos.

[1] El artículo 292 en lo pertinente dispone:

"Artículo 292.—Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.

"Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o *dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución,* radicar en la corte que hubiere dictado la sentencia o resolución una petición ex parte para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. . . ." (Bastardillas nuestras.)

[2] También incoaron el recurso de *certiorari* núm. 1832 y expedimos el auto en el mismo, pero la presente apelación quedó perfeccionada antes. Resuelto el presente caso se ordenará el archivo del certiorari.

 El artículo 83 del Código de Enjuiciamiento Civil (³) citado por la corte inferior en su resolución nada tiene que ver con la cuestión planteada por los demandados en su oposición a la reconsideración solicitada por los demandantes después de haber transcurrido los cinco días que señala el artículo 292, supra. Más bien dicho artículo expone distintos motivos por los cuales una corte puede cambiar el lugar del juicio. No podemos entrar a considerar si los demandantes pueden solicitar el traslado de un pleito que han radicado en una corte sin competencia para conocer del mismo, ya que existe una cuestión jurisdiccional envuelta.

Las Reglas 60 y 61 de las de Enjuiciamiento Civil, (⁴) citadas por la corte inferior en su resolución, tampoco son de aplicación a los hechos del presente caso. La Regla 60 en su apartado (a) se refiere a la corrección de errores clericales en las sentencias, órdenes u otras partes del récord y el apartado (b) constituye una copia sustancial del artículo 473 del Código de Enjuiciamiento Civil de California, equivalente al artículo 140 del nuestro, *Guilhon & Barthelemy* v. *Corte*, 64

---

(³) El artículo 83 dispone:

"La corte podrá, previa moción, cambiar el lugar del juicio en los siguientes casos:

"1. Cuando el distrito designado en la demanda no es el correspondiente.

"2. Cuando hubiere motivo para creer que un juicio imparcial no puede celebrarse allí.

"3. Cuando la conveniencia de los testigos y los fines de la justicia se beneficiasen con el cambio.

"4. Cuando por cualquier motivo el juez estuviere incapacitado para entender en el asunto."

(⁴) Las Reglas 60 y 61 disponen:

"Regla 60.—Remedios contra Sentencias u Órdenes.

"(a) *Errores Clericales.*—Errores clericales en las sentencias, órdenes, u otras partes del récord, y los causados por inadvertencia u omisión, podrán corregirse en cualquier tiempo, previa notificación, por la corte a su propia iniciativa, o a moción de cualquier parte.

"(b) *Error, Inadvertencia, Sorpresa, Negligencia Excusable.*—Mediante moción, la corte, bajo aquellas condiciones que sean justas, podrá relevar a una parte o a su representante legal, de una sentencia, u orden dictada o acción tomada en su contra por error, inadvertencia, sorpresa o negligencia excusable. La moción deberá hacerse dentro de un término

D.P.R. 303, 311; *Great Am. Ins. Co.* v. *Corte*, 67 D.P.R. 564, y se refiere a aquellos casos en que por inadvertencia, error, sorpresa o negligencia excusable de una parte la corte puede relevarle de una sentencia u orden dictada o acción tomada en su contra. En cuanto a la Regla 61, supra, la misma contempla errores que no justifican la concesión de un nuevo juicio, o que se deje sin efecto o modifique una sentencia u orden a menos que la negativa de así hacerlo sea inconsistente con la justicia sustancial.

No vemos qué pertinencia o aplicación pueden tener las Reglas 60 y 61 a los hechos de este caso, es decir, si la corte podía conocer de la moción de reconsideración después de haber transcurrido los cinco días que provee el artículo 292, supra. Arguyen los apelados que dicho artículo ha sido sustituído por las Reglas 60 y 61, supra. No hay tal sustitución. En el caso de *Guilhon & Barthelemy* v. *Corte,* supra, pág. 310, resolvimos que el artículo 292 según enmendado por la Ley núm. 67 de 1937, provee el término para radicar y resolver una moción de reconsideración; en el de *Gual* v. *Tribunal de Distrito,* ante pág. 305, resolvimos que el término para

razonable, pero en ningún caso después de transcurrido seis meses de haberse dictado dicha sentencia, orden o haberse tomado dicha acción. Una moción bajo esta subdivisión no afecta la finalidad de una sentencia o suspende sus efectos. Esta regla no limita el poder de la corte (1) para tomar en consideración una acción para relevar a una parte de una sentencia, orden o procedimiento, o (2) cuando por cualquier causa el emplazamiento en una demanda no se hubiere notificado al demandado en persona, podrá la corte, en la forma que estimare justa, permitir que dicho demandado o su representante legal, en cualquier tiempo dentro de seis meses de registrada la resolución en dicha acción, conteste dicha demanda en sus méritos.

"Regla 61.—Errores no Perjudiciales.

"Ningún error en la admisión o exclusión de evidencia y ningún error o defecto en cualquier decisión u orden, o en cualquier acto realizado u omitido por la corte o por cualquiera de las partes, dará lugar a la concesión de un nuevo juicio, o a dejar sin efecto, modificar, o de otro modo alterar una sentencia u orden, a menos que la corte considere que la negativa a tomar tal acción sea inconsistente con la justicia substancial. En el curso de todo el procedimiento la corte deberá hacer caso omiso de cualquier error o defecto en el mismo que no afecte los derechos substanciales de las partes."

radicar una moción de reconsideración se rige por el artículo 292, supra, y no por la Regla 59(b) de las de Enjuiciamiento Civil; y en el caso de *Tefel* v. *Coane*, resuelto el 26 de enero de 1949 con opinión *per curiam*, aplicamos el artículo 292 y desestimamos el recurso por haberse radicado una moción de reconsideración de sentencia ante la corte inferior después de transcurridos quince días de archivada en autos copia de la notificación y dijimos:

"... Siendo ello así, lo único que debió hacer la corte inferior fué declarse inmediatamente sin jurisdicción. ..."

En igual forma en el presente caso, al radicarse la moción de reconsideración a los siete días de archivada la notificación de la resolución, lo único que debió hacer fué declararse sin jurisdicción.

Es más, de los hechos que hemos expuesto antes aparece que los demandados radicaron su moción solicitando la desestimación de la demanda por falta de competencia de la corte bajo la Regla 12(b)(3), antes de que los demandantes radicaran su moción de traslado. Bajo estas circunstancias resolvimos en el caso de *García* v. *Central Alianza*, 65 D.P.R. 133, 134-5, que dicha Regla no está en conflicto con los artículos 75 al 85, inclusive, del Código de Enjuiciamiento Civil referentes al lugar para la celebración de los juicios en asuntos civiles, ya que la Regla y los artículos del Código son armonizables, y expresamente dijimos que:

"... Cuando el demandado presenta su moción para desestimar la demanda por falta de competencia (*improper venue*) sin solicitar a la vez el traslado del caso a la corte correspondiente, el precepto legal aplicable es la regla 12(b), con arreglo a la cual *la corte donde se radicó la demanda no tiene otra alternativa, en caso de declarar con lugar la moción, que desestimar la demanda sin perjuicio de que el demandante radique un nuevo pleito ante la corte competente.* Duval v. Bathrick, 3 Fed. Rules Serv. 12(b) 23, Case 2; 31 F.Supp. 510." (Bastardillas nuestras.)

Esto es lo que debió haber hecho la corte inferior—pero no lo hizo. Prefirió primero declarar sin lugar el traslado para luego reconsiderar su resolución cuando carecía de jurisdicción para ello.

*Debe revocarse la resolución dictada por la corte inferior el 22 de noviembre de 1949.*