RAMÓN FIGUEROA, peticionario, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE BAYAMÓN, HON. SANTOS BORGES, su Juez en Comisión, demandado.

Núm. 1873.—*Sometido:* Enero 2, 1951. *Resuelto:* Enero 18, 1951.

*Ramón S. Pesquera Dávila,* abogado del peticionario; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

El fiscal formuló acusación en 22 de agosto de 1950 contra Ramón Figueroa, aquí peticionario, por infracción a la sección 4 de la Ley núm. 220 de 15 de mayo de 1948 ((1) págs. 739, 743), conocida por "Ley de la Bolita". Con anterioridad a la vista del caso el acusado presentó en el tribunal inferior una moción solicitando la nulidad de la orden de allanamiento librada y la devolución y exclusión como evidencia de los objetos ocupados. Fundóse esa moción en que: (*a*) El Juez del Tribunal Municipal de Puerto Rico, Sala de Toa Alta, actuó sin jurisdicción al expedir una orden de allanamiento para ser ejecutada en la ciudad de Bayamón; (*b*) y (*c*) hubo ausencia de causa probable; (*d*) no se especificaron los objetos o implementos a ser ocupados; (*e*) no se describió con precisión y claridad la casa a ser allanada; y (*f*) el objeto ocupado no fué devuelto ni entregado al juez que libró la orden. Señalado el 7 de septiembre del mismo año para la vista de·la moción de nulidad y oídas las partes, la misma fué declarada sin lugar. Para revisar la resolución así dictada libramos un auto de *certiorari,* reiterándose en la petición que dió lugar a la expedición del mismo los fundamentos alegados originalmente en la moción.

■■ La declaración jurada en que se basó la orden de allanamiento textualmente copiada reza así:

"EN EL TRIBUNAL MUNICIPAL DE PUERTO RICO,
SALA DE BAYAMÓN

ESTADOS UNIDOS DE AMÉRICA
El Presidente de los Estados
   Unidos.      } SS

EL PUEBLO DE PUERTO RICO
        vs.
Ramón Figueroa
Res. Calle Comerío Núm. 325

} Crim. No. ......
Por Inf. Ley Núm. 220
"Ley de Bolita"

"DECLARACIÓN JURADA DE Antonio Pardo, P. I. núm. 485 en Bayamón, Puerto Rico a 5 de agosto de 1950. Ante esta Corte comparece Antonio Pardo, P. I. núm. 485, de 52 años de edad, casado, policía insular y de servicio en Bayamón, P. R. y previo juramento conforme a la Ley dice:

"Que su nombre y demás circunstancias personales son como arriba se expresan.

"Que me consta de propio conocimiento, que Ramón Figueroa, quien reside en la calle Comerío núm. 325 de Bayamón, P. R., en una casa hecha de madera y techada de zinc, pintada de amarillo, con un balcón de concreto, corrido al frente de la calle Comerío, dos puertas al frente y compuesta de una sala, cocina, comedor y tres cuartos dormitorios, posee una banca de bolita y boli-pool clandestina, la cual administra él personalmente y que posee y tiene en dicha casa residencia, material de bolita, listas, boli-pool, lápices, papel carbón, todo lo que está siendo utilizado en la manipulación del juego ilegal de boli-pool, violando así la Ley núm. 220 de 1948 (Ley de Bolita).

"Que el conocimiento propio que tengo sobre el particular estriba en observaciones hechas, por mí personalmente, en varias ocasiones que he pasado frente a la casa del Sr. Ramón Figueroa y he visto cuando él personalmente, en una mesa que hay en el comedor, se dedicaba a colectar boletos de boli-pool y a chequear listas de bolita y boli-pool, las cuales después de chequearlas las iba colocando debajo del mantel de la referida mesa y después de terminar el chequeo se trasladaba al cuarto dormitorio donde tiene un chifforover (sic) y guardaba él personalmente, todo este material.

"Que lo declarado es la verdad y nada más que la verdad.

"Que para proceder a ocupar este material clandestino, se hace necesaria una Orden de Allanamiento la cual se solicita a esta Hon. Corte de acuerdo con la Ley.

"(fdo.) Antonio Pardo P.I. 485
"Antonio Pardo P.I. 485

"Jurada y suscrita ante mí hoy 5 de agosto de 1950.

"(fdo.) Arístides Maldonado
"Juez Municipal."

Y la orden de allanamiento, copiada en lo esencial, está concebida en los siguientes términos:

"EN EL TRIBUNAL MUNICIPAL DE PUERTO RICO,
SALA DE BAYAMÓN, P. R.

| | |
|---|---|
| ESTADOS UNIDOS DE AMÉRICA, El Presidente de los Estados Unidos. | SS |
| EL PUEBLO DE PUERTO RICO vs. Ramón Figueroa Res. calle Comerío núm. 325 | Criminal Núm. ...... Por: Inf. Ley núm. 220 de 1948 (Ley de Bolita) |

"EL PUEBLO DE PUERTO RICO, a cualquier Agente de orden público, en el distrito de Bayamón, Puerto Rico.

"Habiéndose en este día presentado prueba, por medio de declaración jurada firmada por Antonio Pardo núm. 485, de que Ramón Figueroa quien vive en la casa núm. 325 de la calle Comerío de Bayamón, P. R., descrita al dorso, tiene en su poder material de bolita y boli-pool, listas, las cuales dedica a la manipulación del juego ilegal de Boli-Pool, violando así la Ley núm. 220 de 1948, se le ordena por tanto, que durante las horas del día o de la noche proceda inmediatamente al registro de la casa residencia de Ramón Figueroa, en busca de las prendas siguientes: cualquier cantidad de boletos de boli-pool, listas de bolita, dinero y cualquier implemento que se esté utilizando o se use en la manipulación del juego ilegal denominado 'boli-pool' y si fueren en su totalidad o en parte halladas por usted, las traiga inmediatamente a mi presencia en la calle Dr. Veve de Bayamón, P. R. 'Corte Municipal'.

"Dado bajo mi firma hoy día 5 de agosto del año del Señor mil novecientos cincuenta.

"(fdo.)  Arístides Maldonado,
"Juez del Trib. Mcpal. de P. R.
"Sala de Toa Alta."

Diligenciada la orden de allanamiento en Bayamón la policía ocupó "una libreta con números y letras y números", formulándose entonces ante el Tribunal de Distrito de Puerto Rico, Sección de Bayamón, la acusación a que nos hemos referido.

En el caso de *Partido Popular* v. *Gallardo*, 56 D.P.R. 706, citado por el peticionario, este Tribunal resolvió que los Jueces Municipales carecen de facultad para tomar juramentos fuera de la demarcación territorial de sus respectivos distritos judiciales municipales.   Empero, esa doctrina fué restringida en *Pueblo* v. *Tonje*, 71 D.P.R. 317, en el cual resolvimos que un Juez Municipal que esté fuera de su distrito puede autorizar juramentos para actos a realizarse dentro del suyo, no teniendo en tal caso el Juez que trasladarse a un punto dentro de su distrito para poder autorizar tales juramentos.   La cuestión a determinarse bajo la alegación (*a*) de la petición no es, sin embargo, si la declaración jurada era o no válida, sino si la orden de allanamiento en la forma en que fué librada era eficaz y podía ser diligenciada en el pueblo de Bayamón.   Procederemos a hacerlo.

Por el artículo 2 de la Ley 432 de 15 de mayo de 1950 (pág. 1127), denominada "Ley Orgánica de la Judicatura de Puerto Rico", se creó el Tribunal Municipal de Puerto Rico; por el artículo 3 de la misma se provee que "el territorio de Puerto Rico se constituye en un distrito judicial", y que "los tribunales de justicia ejercerán su jurisdicción sobre la totalidad del territorio comprendido en dicho distrito judicial"; y por el artículo 22 que los Jueces Municipales tendrán las mismas facultades, deberes y funciones que han ejercido bajo la autoridad legal hasta la fecha de la vigencia de esta ley los funcionarios correspondientes de las cortes y tribunales

municipales. A virtud de los anteriores preceptos es obvio que el Juez de la Sala de Toa Alta del Tribunal Municipal de Puerto Rico estaba autorizado para librar una orden de allanamiento para ser diligenciada en Bayamón. Ello es así porque, como hemos visto, en la actualidad y a virtud de la Ley 432 supra sólo existe en toda la Isla de Puerto Rico un distrito judicial; porque los tribunales de justicia, incluyendo los municipales creados, ejercen su jurisdicción sobre la totalidad del territorio comprendido en dicho distrito judicial; y porque los actuales jueces municipales tienen las mismas facultades y funciones que hasta la fecha de la vigencia de esa ley habían tenido y ejercido los jueces de las cortes municipales. Entre los deberes y funciones de los jueces de todas y cada una de las cortes municipales de Puerto Rico con anterioridad a la vigencia de la ley 432 estaba la de expedir órdenes de allanamiento. Siendo ello así, el Juez de la Sala de Toa Alta del Tribunal Municipal de Puerto Rico tenía facultad para librar la orden de allanamiento a que se ha hecho mención, y la misma era eficaz en Bayamón y podía ser allí diligenciada.

Pasamos a discutir ahora la contención del peticionario de que no existió causa probable para la expedición de la orden de allanamiento. Dispone nuestra Carta Orgánica (48 U.S.C., sección 731, página 5363) en el párrafo 14 de su artículo 2 que "No se expedirá mandamiento de arresto o registro sino por motivo fundado,(1) apoyado con juramento o afirmación, y describiendo particularmente el lugar que ha de registrarse y las personas que han de ser detenidas o las cosas que deben ser embargadas." Provee, además, el artículo 503 del Código de Enjuiciamiento Criminal que "No se podrá librar orden de allanamiento sino en virtud de causa probable, . . . ." ¿Existió *causa probable* para la expedición de la orden de allanamiento en este caso?

---

(1) El texto inglés (que es el que debe prevalecer, sección 1, Ley 8 de 1917, Vol. II, página 211; artículo 13, Código Civil, (ed. 1930)) en lugar de "motivo fundado" usa la frase *"probable cause"*.

El peticionario sostiene que no, toda vez que en el *affidavit* que sirvió de base a la expedición de la misma no se expresó, siquiera en forma aproximada, la fecha o fechas en que el deponente observó en la residencia del peticionario los actos delictivos atribuídosle, no bastando, a su juicio, que se diga que se ha observado en determinado sitio la posesión de material en violación de la ley, sino que es imperativo que se consigne la fecha de la observación para que pueda el magistrado juzgar si esa fecha es o no demasiado remota y concluir que aún existe posibilidad de que la evidencia que se interesa ocupar pueda aún estar en el sitio a ser allanado. En respuesta a esta contención del promovente el fiscal auxiliar de este Tribunal sostiene que esa cuestión no fué suscitada en la corte inferior y que no habiéndosele dado oportunidad a ella para resolverla, la misma no debe ser considerada por este Tribunal, citando *Autoridad de Fuentes Fluviales* v. *Corte*, 65 D.P.R. 935 y *González* v. *Corte*, 54 D.P.R. 489. Empero, tanto de la moción solicitando la nulidad de la orden de allanamiento como de la transcripción de evidencia elevada se desprende claramente que la no existencia de causa probable fué planteada en el tribunal a quo. Si específicamente se habló o no de la fecha o fechas en que "las observaciones" del deponente en varias ocasiones que pasó frente a la casa del peticionario fueron hechas es cuestión que no aparece de la transcripción, ya que en ésta meramente se dice, refiriéndose a los apartados (*b*) y (*c*) de la moción, que "los letrados de ambas partes discuten extensamente este aspecto de la situación". No es menester, sin embargo, que aparezca claramente que en el tribunal a quo se discutió específicamente la cuestión de la fecha en que se hicieron las referidas observaciones ya que, como veremos, tal fecha forma parte esencial de la causa probable, y la no existencia de ésta fué reiteradamente levantada y discutida en el tribunal inferior.

El estudio que de la cuestión hemos hecho nos convence de que el peso de la jurisprudencia es en el sentido de que

la declaración jurada en que se funda una orden de allanamiento debe hacer referencia a la fecha en que se observó por el deponente la comisión del delito y que tal referencia en la declaración es esencial para la validez de la orden, no existiendo causa probable para la expedición de la misma en ausencia de tal requisito. Véanse *Poldo* v. *United States*, 55 F.2d 866; 162 A.L.R. 1406 *et seq.*; 47 Am.Jur. pág. 517, sección 23; Op. cit. *Cumulative Supplement* al Vol. 47, 1950, pág. 29, sección 26; *Sgro* v. *United States*, 287 U. S. 206, 77 L. ed. 260; *Barton* v. *Commonwealth*, 78 S.W.2d 310; *People* v. *Musk*, 203 N.W. 865; *Garza* v. *State*, 48 S.W. 2d 625.

La declaración jurada del policía Pardo meramente hace constar, como se ha visto, "que el conocimiento propio que tengo sobre el particular estriba en observaciones hechas por mí personalmente en varias ocasiones que he pasado frente a la casa del señor Ramón Figueroa y he visto cuando él personalmente, . . ." No se dice en esa declaración en forma alguna en qué fecha o fechas tuvieron lugar las observaciones que en varias ocasiones hizo el deponente en la casa del peticionario ni cuándo vió que allí se dedicaban a colectar boletos de bolipool. Esas varias ocasiones pudieron tener lugar muchas semanas, muchos meses o muchos años antes de la fecha en que se prestó la declaración jurada y se libró la orden de allanamiento. Como resultado de ello podía no existir causa probable para la expedición de la orden al momento en que la misma se libró. En ausencia del requisito indicado la orden de allanamiento librada era nula de toda nulidad y debió declararse con lugar la moción.

El caso de *Alexander* v. *State*, 123 Tex. Crim. Rep. 65, 57 S.W.2d 157 citado por el fiscal auxiliar, no es de aplicación, toda vez que en él lo único que se resuelve es que la ausencia de fecha en el juramento (*jurat*) no produce la nulidad de éste.

En vista de la conclusión a que hemos llegado se hace innecesario discutir los demás fundamentos de la petición.

*Debe anularse la sentencia (sic) dictada por el Tribunal de Distrito de Puerto Rico, Sección de Bayamón, con fecha 7 de septiembre de 1950, en la causa criminal núm. 10030, intitulada El Pueblo de Puerto Rico v. Ramón Figueroa, por infracción a la Ley núm. 220 de 1948.*

El Juez Asociado Sr. Snyder no intervino.