Félix Suliveres y Ventura Rodríguez Colón, demandantes y apelantes, *v.* Erasto Arjona Siaca, Hilton y José Antonio Pérez Navarro y Cirilo Padín González, demandados y apelados.

Número 10741.

*Sometido:* 6 de febrero de 1953.  *Resuelto:* 13 de julio de 1954.

*José M. Valentín* y *Antonio A. Simonpietri,* abogados de los apelantes; *Carlos J. Teissoniere,* abogado de los apelados.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

El día 10 de febrero de 1951 ocurrió una colisión de vehículos de motor en el kilómetro 54, hectómetro 1 de la carretera central entre las ciudades de Cayey y Caguas, Puerto Rico, de cuya colisión alegan los demandantes y apelantes haber recibido daños y perjuicios. Dos días antes del término de prescripción, o sea, el día 8 de febrero de 1952, los demandantes y apelantes radicaron su acción de daños y perjuicios en el Tribunal de Distrito de Puerto Rico, Sección de San Juan.

Los demandados y apelados radicaron una "moción para desestimar la demanda por falta de jurisdicción sobre la persona de los demandados", alegando que por ser los demandados y apelados todos vecinos de la ciudad de Ponce, Puerto Rico, y por haber ocurrido el accidente en el kilómetro 54, hectómetro 1 de la carretera central, punto ubicado dentro del distrito judicial de Guayama, las dos únicas secciones del anterior Tribunal de Distrito con jurisdicción y competencia sobre la persona de los demandados, y por el sitio donde ocurrieron los hechos, serían las secciones de Ponce o de Guayama respectivamente; que los demandados y apelados no deseaban someterse a la jurisdicción o competencia de la Sección de San Juan. De acuerdo con la Regla 12 (*b*) y otras de las Reglas de Enjuiciamiento Civil solicitaron la desestimación de la demanda, y "en el hipotético caso, que esta moción para desestimar no procediere en derecho, en el actual estado de la ley y la jurisprudencia, los demandados se proponen, y respectivamente solicitan de este Tribunal, se sirva concederles plazo adicional para radicar, en su oportunidad, una moción de traslado, la cual no creen necesario, de momento, por estar ejerciendo un derecho concedídoles por la Regla 12, apartado (*b*) y otras de Enjuiciamiento Civil."

Contestaron los demandantes y apelantes con una "moción para que se declare sin lugar de plano la que para desestimar han radicado los demandados, fundada en falta de jurisdicción", alegando, que en materia de acciones civiles ya no estaban en vigor ni las Reglas de Enjuiciamiento Civil ni el Código de Enjuiciamiento Civil y sí el art. 27 de la Ley Orgánica de la Judicatura de Puerto Rico, aprobada en 15 de mayo de 1950, que disponía:

"Cualquier sección del Tribunal de Distrito de Puerto Rico podrá conocer de cualquier acción civil o criminal comprendida en la jurisdicción de dicho tribunal.

Toda acción civil o criminal se radicará en la sección judicial del territorio correspondiente de acuerdo con la legislación vigente; Disponiéndose, que si así no se hiciere, el Juez deberá decretar el traslado de la causa a la sección correspondiente, a menos que las partes convengan en que la causa se tramite en la sección en que fué radicada, y en las causas civiles, se tramitará en la sala en que fué radicada, a menos que cualquiera de las partes, dentro de los diez (10) días siguientes a la fecha de la notificación de la demanda, solicitare el traslado de la causa para la sala a que corresponde."

La ilustrada Sala Sentenciadora, por resolución de 22 de abril de 1952, declaró con lugar la moción para desestimar presentada por los demandados y apelados, y posteriormente, denegó la reconsideración que le fué solicitada de dicha resolución. Los fundamentos principales que expuso la ilustrada Sala Sentenciadora al declarar con lugar la moción de desestimación por falta de jurisdicción podrían sintetizarse, siguiendo sus propias palabras de la siguiente manera: "de acuerdo con el precepto de ley transcrito, cualquier sección del Tribunal de Distrito de Puerto Rico puede conocer de cualquiera acción civil que corresponda a la jurisdicción de dicho tribunal *pero toda acción civil se radicará en la sección judicial del territorio correspondiente de acuerdo con la legislación vigente.* Esto significa, que toda acción civil debe radicarse (de acuerdo con) lo dispuesto en los arts. 75 al 81 del Código de Enjuiciamiento Civil de Puerto Rico . . . . . El art. 27 de

la vigente. Ley Orgánica de la Judicatura no deroga los arts. 75 al 81 del Código de Enjuiciamiento Civil, sino que, por el contrario, descansa en tales artículos a los fines de determinar las secciones del Tribunal de Distrito que tendrán competencia para conocer de las acciones civiles. Dispone el art. 27 que las acciones civiles se tramitarán en la sala que fueren radicadas, a menos que se solicitare el traslado de la causa para la sala a que corresponde . . . . . En el caso de *García* v. *Central Alianza*, 65 D.P.R. 133, nuestro más alto Tribunal resolvió expresamente que la Regla 12(*b*) de las Reglas de Enjuiciamiento no derogan los arts. 75 a 85 del Código de Enjuiciamiento Civil y que, por el contrario, las disposiciones de uno y otros preceptos son armonizables. Este Tribunal no encuentra nada en el art. 27 de la Ley Orgánica de la Judicatura de Puerto Rico que evidencie la intención o propósito de la Asamblea Legislativa de Puerto Rico de derogar la Regla 12(*b*) de las Reglas de Enjuiciamiento Civil o los arts. 75 a 85 del Código de Enjuiciamiento Civil. Tampoco considera el Tribunal que sean irreconciliables las disposiciones de dicho art. 27 con lo dispuesto en la Regla 12(*b*) de las Reglas de Enjuiciamiento Civil o en los arts. 75 a 85 del Código de Enjuiciamiento Civil (ed. 1933) . . . . . Resolvemos, por consiguiente, que habiéndose radicado el caso de epígrafe en esta sección del Tribunal de Puerto Rico, que no es la competente para conocer del caso a virtud de lo dispuesto en el art. 79 del Código de Enjuiciamiento Civil, la parte demandada puede, dentro de los diez (10) días siguientes a la fecha de notificación de la demanda, solicitar el traslado de la causa para la sala a que corresponda, a tenor de lo dispuesto en el art. 27 de la Ley Orgánica de la Judicatura, ajustándose al procedimiento fijado para los traslados en el art. 82 del Código de Enjuiciamiento Civil, y puede en la alternativa a tenor de lo dispuesto en la Regla 12(*b*) de las Reglas de Enjuiciamiento Civil . . . . solicitar la desestimación de la demanda . . . Cuando el demandado presenta una moción para desestimar la demanda por falta de competencia de acuerdo con las disposi-

ciones de la Regla 12 (*b*), la corte no tiene otra alternativa
... que desestimar la demanda por ser un derecho absoluto."
Hasta aquí el razonamiento de la ilustrada Sala Senten-
ciadora.

■ El propósito de la Ley número 432 de 15 de mayo de
1950, estableciendo la Ley Orgánica de la Judicatura de
Puerto Rico fué constituir al territorio de Puerto Rico en un
solo distrito judicial, con jurisdicción territorial sobre toda la
isla de Puerto Rico. Así el Juzgado de Paz de Puerto Rico
tenía jurisdicción sobre toda la isla en los asuntos litigiosos
a él asignados por ley; el Tribunal Municipal de Puerto Rico
tenía jurisdicción territorial sobre toda la isla en los asuntos
litigiosos a él asignados por ley; el Tribunal de Distrito de
Puerto Rico tenía jurisdicción territorial sobre toda la isla en
los asuntos litigiosos a él asignados por ley: artículos 2 y 3
de la Ley número 432 de 15 de mayo de 1950; *Martínez* v.
*Vda. de Morales*, 72 D.P.R. 210, (Snyder), (1951); *Figueroa*
v. *Tribunal de Distrito*, 72 D.P.R. 24, (Marrero), (1951).

■ El efecto práctico de la formación de un solo distrito
judicial, sobre los artículos 75 a 86 del Código de Enjuicia-
miento Civil de Puerto Rico del 1933, fué derogar dichos ar-
tículos en todo lo referente a la falta de jurisdicción del tribu-
nal, por haberse radicado la acción en un distrito judicial
(sección) distinto a aquél donde se originó el litigio, pero, no
derogarlos en cuanto al derecho de la parte demandada de so-
licitar el traslado en los mismos casos que dicho traslado se
hubiera concedido como si la Ley Orgánica de la Judicatura
no hubiese sido aprobada.

■■ El efecto práctico de la formación de un solo dis-
trito judicial sobre la Regla 12 (*b*), es que el demandado no
tendría derecho a solicitar la desestimación por haberse radi-
cado la acción en una sección, (distrito judicial) distinta a
aquella sección, que originalmente entendía en ella, por ha-
berse originado la causa del litigio dentro de su anterior de-

marcación territorial (*improper venue*) : *García* v. *Central Alianza*, 65 D.P.R. 133, (De Jesús), (1935), cita precisa a la pág. 135, distinguido. Casualmente lo que persigue la Ley Orgánica de la Judicatura es que ningún litigio pueda ser desestimado, por haberse radicado en una sección (anterior distrito judicial) distinta a aquélla en que ha debido ser radicada, debiendo en todo caso trasladarse a la sección correspondiente, bien por el propio Juez o a petición de parte interesada.

■■ Es claro que en este caso, el Juez, por su propia iniciativa o a solicitud de parte, debe trasladar el caso a la sección del tribunal, donde de acuerdo con la legislación vigente se debe ver, ya que no hubo acuerdo entre las partes para que se viera en una sección distinta. Tratándose como se trata de una acción de daños y perjuicios que tuvo su origen dentro del anterior distrito judicial de Guayama, el caso debió ser trasladado, en su oportunidad, a la sección de Guayama del anterior Tribunal de Distrito de Puerto Rico, hoy al Tribunal Superior de Puerto Rico, Sala de Guayama: artículo 79 del Código de Enjuiciamiento Civil de Puerto Rico, según quedó enmendado por la Ley núm. 18 de 11 de abril de 1935, *Álvarez* v. *American Railroad Co. of Puerto Rico*, 48 D.P.R. 477, (Del Toro), (1935), cita precisa a la pág. 480. En cuanto al traslado al Tribunal Superior de Puerto Rico, Sala de Ponce, el mismo quedaría sometido a la discreción del tribunal, si los demandados y apelados le convencen de la deseabilidad de dicho traslado por los fundamentos establecidos por la ley y nuestra jurisprudencia.

*Debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados señores Sifre y Pérez Pimentel concurren con el resultado.